PER CURIAM.
The Florida Bar filed on September 19, 1975, a petition for suspension of John B. Mattingly pursuant to Rule 11.07(2) of Article XI of the Integration Rule, asserting that the respondent, John B. Mattingly, was adjudicated guilty on September 12, 1975, of grand larceny upon a jury verdict in Case No. 75-342 in the Circuit Court for Volusia County, and at the same time was adjudicated guilty on a previous plea of nolo contendere to one count of grand larceny in Case No. 75-360 in the Circuit Court for Volusia County. These offenses constitute felonies under the laws of this state, and said respondent was sentenced to one year’s confinement followed by five years probation on each of these offenses. These convictions directly relate to client funds.
The respondent, on September 22, 1975, petitioned this Court for leave to resign pursuant to Rule 11.08 of the Integration Rule of The Florida Bar. The Florida Bar has recommended we either reject the petition or approve the resignation subject to the following conditions:
“a. That the minimal period for the resignation be five years with no petition for reinstatement to be accepted before completion of that period.
“b. That consideration of any subsequent petition be conditioned on his prior proof of restitution to any and all injured clients, whether listed in this response, alleged in the complaint or as may be discovered, and payment of all costs in disciplinary proceedings which *10 would be dismissed if the resignation is accepted.
“c. That reinstatement be expressly conditioned upon proof of rehabilitation.
“d. That any subsequent reinstatement be further conditioned upon successful passage of a regular Bar examination to be taken.only after completion of the reinstatement proceeding.
“e. That law practice following any subsequent reinstatement be limited to practice not involving client’s trust funds with submission of an annual affidavit to The Florida Bar to that effect.
“f. That Mr. Mattingly be prohibited from working for lawyers or law firms in any capacity until reinstated.
“g. That this court publish an opinion in the Southern Reporter detailing the full circumstances of his resignation as set out in this response, the complaint and answer, copies attached, to fully inform the Bar, bench and public.”
We believe the conduct to be of such gravity that the acceptance of such resignation can be only upon the condition that John B. Mattingly be permanently barred from reinstatement and, therefore, the conditions suggested by the Bar are unnecessary.
Upon the failure of John B. Mattingly to accept such condition by notification to this Court within ten days from the rendition of this order, he shall be deemed suspended pursuant to Integration Rule 11.-07(2), and The Florida Bar is directed to proceed expeditiously with the pending disciplinary proceeding.
It is so ordered.
ADKINS, C. J., OVERTON and HATCHETT, JJ., and SMITH, District Court Judge, concur.
ROBERTS and BOYD, JJ., and BOYER, District Court Judge, dissent.